**Susan M. WALSHE, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner, Social Security Administration, Defendant–Appellee.**

No. 02–16907.

D.C. No. CV–01–01358–JWS.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2003.*

Decided July 16, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See   Fed. R.App. P. 34(a)(2).

Before KOZINSKI, FERNANDEZ, and RYMER, Circuit Judges.

## MEMORANDUM **

Susan M. Walshe appeals the district court's entry of summary judgment in favor of the Commissioner of Social Security, affirming the Commissioner's final decision to deny Walshe's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–433. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

### I

Walshe argues that the administrative law judge (ALJ) did not make adequate findings for rejecting the opinion of Dr. Bell and that the ALJ impermissibly relied on his own opinion regarding the appropriate treatment regime for Walshe. To reject the opinion of a treating physi-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cian, the ALJ must provide " 'specific and legitimate reasons' supported by substantial evidence in the record." *Rollins v. Massanari,* 261 F.3d 853, 856 (9th Cir. 2001) (quoting *Reddick v. Chater,* 157 F.3d 715, 725 (9th Cir.1998)). Here, the ALJ did just that by finding that "the treating evidence does not support such an extreme residual function" for Walshe as contained in Dr. Bell's opinion. The ALJ's finding is supported by substantial evidence: Walshe's medical records do not show a severe limitation in her range of motion; the Epstein–Barr virus test was negative; Walshe consistently refused all types of medication; and tests found no irregularities with Walshe's heart despite her complaints of a "heart flutter."

Walshe's reliance on *Reddick,* 157 F.3d at 725–26, is misplaced because in that case the ALJ rejected a treating physician's opinion without providing specific reasons for doing so, while here, the ALJ found that Walshe's medical records were not consistent with Dr. Bell's assessment of her residual functional capacity. *See Rollins,* 261 F.3d at 856 (holding that ALJ's rejection of treating physician's opinion was proper when the physician's recommendations were extreme and not supported by any findings made by any doctor). Finally, the ALJ did not substitute his own opinion regarding an appropriate treatment regime; rather, the ALJ found that the evidence showing that Walshe decided to forgo medication and other treatment options was not consistent with Dr. Bell's assessment of her condition. Thus, the ALJ properly rejected Dr. Bell's opinion.

## II

■ Walshe contends that Dr. Barker's report was not a proper consultative examination because he did not evaluate Walshe's primary impairments, review Walshe's medical records, or make his professional qualifications a part of the administrative record. Walshe's argument is without merit, however, because Social Security regulations do not require that a consulting physician review all of the claimant's background records or that the physician enter his or her professional qualifications into the administrative record. *See, e.g.,* 20 C.F.R. § 404.1517. Further, Dr. Barker did evaluate Walshe's primary impairments of chronic fatigue syndrome (CFS) and fibromyalgia, even if he did not mention those impairments by name. In regard to CFS, Dr. Barker noted in his report that Walshe was "alert" and that "[s]he had no difficulty getting on or off the exam table...." Related to fibromyalgia, Dr. Barker noted that Walshe complained of pain all over her body and he concluded that her extreme reaction to light touching of her skin was "definitely not physiologic." Walshe's reliance on *Reddick,* 157 F.3d at 724, again falls short because, unlike the physician in that case, Dr. Barker's report did not find Walshe capable of light work despite a diagnosis of "possible CFS." Accordingly, the ALJ properly considered Dr. Barker's opinion.

## III

■ Walshe argues that the ALJ erred by not providing clear and convincing reasons to find her testimony not credible. However, the ALJ identified the testimony he found not to be credible and provided evidence in the record that undermined Walshe's testimony. *See Reddick,* 157 F.3d at 722. Specifically, the ALJ found Walshe's testimony regarding the severity of her pain and fatigue not to be credible because of her "failure to take measures to improve her condition," *e.g.,* Walshe's refusal to take prescription medication. In addition, while the ALJ noted that Walshe can perform many activities, he did not discredit her testimony based on activities not accounting for a substantial part of

Walshe's day. *See Vertigan v. Halter,* 260 F.3d 1044, 1049–50 (9th Cir.2001). Instead, he discredited Walshe's testimony because she had not "taken steps to improve her condition." Because the ALJ's interpretation of Walshe's testimony is reasonable and supported by substantial evidence, "it is not our role to second-guess it." *Rollins,* 261 F.3d at 857.

### IV

■ Walshe argues that the ALJ improperly disregarded her non-exertional limitations and thus incorrectly relied on the Medical–Vocation Guidelines ("the grids") rather than a vocational expert to determine that there are jobs in the regional and national economy that she can perform despite her limitations. Walshe's argument fails because "the fact that a non-exertional limitation is alleged does not automatically preclude application of the grids." *See Tackett v. Apfel,* 180 F.3d 1094, 1102 (9th Cir.1999). The grids are inapplicable to Walshe only if her non-exertional limitations "significantly limit" the work permitted by her exertional limitations. *See id.* Since the ALJ properly discredited Dr. Bell's opinion and Walshe's testimony as to the severity of her non-exertional limitations, the grids were applicable.

AFFIRMED.